UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81034-CIV-MIDDLEBROOKS/JOHNSON

MARK REIMNITZ, PAULUS VAN
BUREN, and all others similarly situated,

    Plaintiffs,

vs.

SOURCE ONE DISTRIBUTORS, INC., a
Florida corporation, MARK LLANO, an
individual, RANDY WEBB, an individual,
and CHAD FREEMAN, an individual,

    Defendants.
_____/

## **ORDER**

    THIS CAUSE comes before the Court on Defendants' Motion to Dismiss (DE 41) and Plaintiff's Motion to Strike Plaintiffs' Counsel of Record from the Defendants' Witness List (DE 45). The parties have submitted their respective responses in opposition and replies in support of their positions. I have reviewed the motions in this matter, the subsequent filings addressing them, and the file in this matter.

    This case arises out of the employment relationship between Plaintiffs and Defendants. Plaintiffs' Amended Complaint alleges Defendants breached Plaintiffs' employment agreements by not paying Plaintiffs commissions for work they performed. In the alternative, Plaintiffs allege Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. by not paying them required overtime, and/or minimum wage, and taking retaliatory steps in violation of the FLSA. The Amended Complaint also includes a claim for defamation. Plaintiffs' positions with Defendant Source One Distributors entailed making contacts, on behalf of Defendants, with prospective customers in an effort to place Defendants' products with such customers.

**Defendants' Motion to Dismiss**

    Defendants move to dismiss all of Plaintiffs' counts which rely on the FLSA, as well as the claim for defamation. As to Plaintiffs' FLSA overtime and minimum wage claims,

Defendants argue Plaintiffs were exempt from such requirements because they were "outside sales employees," or in the alternative Plaintiff Van Buren's claims under the FLSA should be dismissed because he was exempt from the overtime requirement as an "administrative employee." Defendants argue Plaintiff Van Buren's retaliation claim fails because he did not allege he took any protected action, or that Defendant had knowledge of him taking a protected action, if he took one. Last, Defendants move to dismiss Plaintiff Van Buren's claim for defamation arguing that the basis for such claim, Defendants' statement to the Virginia Unemployment Compensation Commission is privileged and thus, cannot serve as the basis for a defamation claim.

Plaintiffs respond that they are not exempt where they were merely promoters and not salesmen, and they did not have administrative positions with Defendants. As to the retaliation claim, Van Buren argues that he need not plead one of the actions enumerated by the FLSA. Van Buren expressed his concerns to his supervisors and Defendant Llano and then spoke to a lawyer about them. Shortly thereafter, Defendants fired him. This is a sufficient, he argues, to plead a retaliation claim. Last, Van Buren responds in opposition to Defendants' argument regarding the defamation claim, although never directly addressing the issue of privilege.

These are the arguments which I must address in ruling on Defendants' Motion to Dismiss. Let me begin by setting out the standard by which I must assess Defendants' Motion.

**Standard**

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). It is from this point that I begin my analysis of Defendants' Motion.

**Analysis**

Were Plaintiffs Outside Sales Employees Within the Meaning of the FLSA?

Defendant argues because Plaintiffs' primary duties were to make sales and Plaintiffs were regularly engaged away from Defendant Source One's place of business they fall within the outside salesman exemption. Plaintiffs disagree arguing that they were not salesmen, but instead were promoters which are not exempt. Employees employed "in the capacity of outside salesman" are exempt from the FLSA's minimum wage and overtime requirements. *See* 29 U.S.C. §213(a)(1). The statute refers to the regulations promulgated by the Secretary of Labor for definitions of this term. *Id.* The regulations define outside sales employees as any employee:

> (1) Whose primary duty is:
> 
> (I) making sales within the meaning of section 3(k) of the Act, or
> 
> (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
> 
> (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. §541.500(a). I must keep in mine that "exemptions from the Fair Labor Standards Act are to be narrowly construed." *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 295 (1959). In addition, it should be noted that it is the Defendants' burden to demonstrate its entitlement to the exemption. *See Jones v. City of Columbus, Ga.*, 120 F.3d 248, 252 (11th Cir. 1997). For purposes of the Motion to Dismiss the parties do not dispute if Plaintiffs satisfy the second prong. Therefore, my analysis focuses on the first query, what the employees' primary duties were.

The question is whether it is appropriate to dismiss the employees' claims where Source One argues they were salesmen, and Plaintiffs argue they were promoters. In support of Source One's position, it relies primarily on the titles used to refer to Plaintiffs in a variety of documents, calling them sales representatives, for example. Plaintiffs respond that the titles used to describe them are not dispositive. As I stated at the outset, for purposes of a motion to dismiss all facts alleged in the complaint are accepted as true and must be construed in a light most favorable to

the Plaintiff. *See Hishon*, 467 U.S. at 73. Therefore, I turn to the language of the Amended Complaint which alleges:

> Plaintiffs made employment contracts with defendants to promote products distributed by SOD. Plaintiffs were expected to make contract with prospective customers, i.e., military unites, military bases and law enforcement centers and departments. Once the promotion or marketing was complete the potential customers could purchase from SOD through several different and varied channels. Sales from the units, bases or departments contacted by the Plaintiffs were to be attributed to the Plaintiffs, and then they were to receive a commission for the sales to that new customer. . . .
>
> Purchase orders, invoices, money receipt, and sales consummation in general, to include but not limited to, shipment, was done by employees at SOD's principal place of business in Wellington, Florida.

Amended Complaint. ¶11, 44. Plaintiffs' allegations support their argument that they are promoters.

The next question is whether their argument supports the position that Plaintiffs are not exempt from the FLSA. There is a regulation specifically addressing promotion in the context of FLSA exemptions, 29 C.F.R. §541.503. That regulation provides: "[p]romotion activities directed toward consummation of the employee's own sales are exempt. Promotional activities designed to simulate sales that will be made by someone else are not exempt outside sales work." 29 C.F.R. §541.503(b). Another example in the regulations discusses a company representative who deals with merchandise in stores including discussing the merchandise with the store manner, explains "[b]ecause the employee in this instance does not consummate the sale or direct efforts towards the consummation of a sale, the work is not exempt outside sales work." 29 C.F.R. §541.503©. Plaintiffs allege that while their activities were aimed at making sales on behalf of Source One, they did not complete the sales. Plaintiffs allege sales consummation in general was completed by employees at Source One's principal place of business where, even under Defendant's argument, Plaintiffs did not work. Source One cites *Hodgson v. Krispy Kreme Doughnut Co.*, 346 F.Supp. 1102 (M.D. N.C. 1972) for the proposition that just because the sales were paid for and shipped through Source One's home office Plaintiffs were still the one selling the products. Defendants also cite *Stevens v. Simplex Grinnel, LLP*, 190 Fed. Appx. 768, 2006 WL 1914247 (11th Cir. 2006) for the position that where one's compensation is tied to

his or her ability to make sales, his or her primary duty is making sales and thus falls within the regulation. Neither of this cases demonstrate Defendants are entitled to dismissal of Plaintiffs' claims based on this exemption.  These cases may give some guidance as to once certain facts are established, those facts may be dispositive to the question of whether Plaintiffs were outside salesmen.  However, as the court stated in *Hodgson*, whether there are facts to support a finding that the conditions in the regulations which define an exemption are present is a factual question.  *Hodgson*, 346 F.Supp. at 1103.  Both parties make arguments as to what the allegations include or do not include.  This is not the type of legal issue that is to be decided on a motion to dismiss.  There are factual questions regarding whether Plaintiffs' duties fit within the exemption or do not.  Accordingly, I will not dismiss Plaintiffs' claim on this basis.

Was Plaintiff Van Buren in an Administrative Position?

     Defendant argues Van Buren is exempt from the FLSA because he held an administrative position with Source One.  Plaintiff disagrees, arguing that two of the three requirements needed to be exempt under the administrative exemption are not present.  There are three requirements an employee must satisfy to be exempt from the FLSA based on the administrative exemption. 29 C.F.R. §541.200.  Van Buren does not dispute the presence of the first requirement. Therefore, I turn to the last two requirements.  An employee employed in the administrative capacity for purposes of the FLSA means an employee "whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and [] whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  *Id.*

     While Van Buren disputes both of these elements, I will only address the issue of discretion because I conclude that Source One has not demonstrated its entitlement to this exemption in this case where it is not clear based on the facts as alleged that Van Buren had the discretion required to be exempt.  Source One argues Van Buren's ability to chose his travel plans, such as which military bases to go to and whom to contact, demonstrate his use of discretion and independent judgment.  Plaintiffs argue these are not matters of significance.  The regulations set forth factors to be considered in determining whether the discretion an employee

might exercise relates to matters of significance such that is satisfies the discretion required for the exemption. These factors are:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

29 C.F.R. §541.202(b). The fact that Van Buren got to choose which bases he would visit, when, and how to get there in and of itself does not establish that Van Buren had the type of discretion to satisfy the exemption. Plaintiffs alleged that "[Source One] controlled every aspect of Plaintiffs' work for the company." Amended Complaint ¶14. The factors listed above discuss employee's roles in management policies and objectives. The presence of the discretion to decide when and where you travel to complete your duties is not itself sufficient to demonstrate Van Buren's discretion rose to the level discussed by the regulation, particularly in light of the allegation that Source One controlled all of Plaintiffs' work. Therefore, I will not dismiss Van Buren's FLSA claims on this basis at this stage in the litigation.

**Van Buren's Retaliation Claim**

Source One argues Van Buren's retaliation claim should be dismissed because Van Buren has not alleged he took any protected action as listed in 29 U.S.C. §215(a)(3), or that Source One knew of the protected activity if he did take part in one. Van Buren argues he made his concerns about his pay known to his supervisors, spoke to Reimnitz and a lawyer about it, and was fired. This he alleges is sufficient. Van Buren's retaliation claim states specifically that Defendants retaliated against him "for seeking legal counsel's advice in his ongoing plight with [Source

One.]" Amended Complaint ¶108. The Amended Complaint also alleges that Van Buren spoke to Reimnitz prior to and immediately after Reimnitz told Defendants he wanted his rightful commissions. Amended Complaint ¶83. Van Buren alleges he was discharged in retaliation for contacting his lawyer, as well as contacting Reimnitz. Amended Complaint ¶84. The Eleventh Circuit has held that a plaintiff in a retaliation claim need to participate in one of the activities listed in the statute. *See E.E.O.C. v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989). An unofficial complaint in *White* was a sufficient basis for a retaliation claim where it "constitute[d] an assertion of rights protected under the statute." *Id.* The discussion in *White* refutes Defendants' argument about the need to allege an act listed in the anti-retaliation statute. The next argument about whether Van Buren must allege Defendants knew of his assertion of his rights protected under the statute is similarly without merit. Van Buren alleged that he was fired in retaliation for seeking legal advice about whether he was being paid properly and for contacting another employee who was raising similar issues. This allegation infers that Defendants knew of Van Buren's activities otherwise he would not have been fired for them. Van Buren's allegations are sufficient to survive a motion to dismiss because the facts alleged support the claim that Van Buren was asserting rights protected under the statute and was fired as a result.

**Van Buren Defamation Claim**

Source One argues that Van Buren's Defamation claim must be dismissed because the publication alleged is privileged and therefore cannot be the basis the claim. Van Buren responds in opposition asserting that the privilege can be presumed to be a conditional one which was waived here. The letter at issue is the letter where Source One terminated Van Buren. The publication alleged is Source One giving the letter to the Unemployment Compensation Commission of Virginia. Amended Complaint ¶86, 110. Van Buren does not allege or argue there was any other publication. "Defamation (libel and slander) may generally be defined as the unprivileged publication of false statements which naturally and proximately result in an injury to another." *Wolfson v. Kirk*, 273 So.2d 774, 776 (Fla. 4th DCA 1973). Both Florida and Virginia law provide a privilege for statements made to the respective governmental bodies during unemployment compensation proceedings. Florida Statute Section 443.041(3) provides

7

that

> [a]ll letters, reports, communications, or any other matters, either oral or written, between an employer and an employee or between the Agency for Workforce Innovation or its tax collection service provider and any of their agents, representatives, or employees which are written, sent, delivered, or made in connection with this chapter, are privileged and may not be the subject matter or basis for any suit for slander or libel in any court of the state.

Virginia Statute section 60.2-623 provides that information provided to Virginia Employment Commission should not "be used in any judicial . . . proceeding other than one arising out of the provisions of this title." Source One's argument that Van Buren's defamation claim must be dismissed because it is based on a privileged communication. If the communication which underlies Plaintiff's defamation claim is privileged pursuant to section 443.041(3) it bars his claim. *See Perl v. Omni Intern. of Miami, Ltd.*, 439 So.2d 316, 317 (Fla. 3d DCA 1983)(affirming the dismissal of a slander claim where the communication was privileged pursuant to section 443.041(3)). A Virginia court has reached the same result under the Virginia statute. *See Starks v. McCabe, et al.*, 49 Va. Cir. 554, 555 (Va. Cir. Ct. 1998). Van Buren cites no case or statute to support his position that this privilege is somehow conditional and was waived here. The language of the statute makes no mention of a conditional privilege. This is the only publication allegation included in Plaintiff's Amended Complaint. Plaintiff does not deny that publication he alleges was that made to the unemployment commission. This is precisely the type of publication protected by section 443.041(3) and section 60.2-623, Code of Virginia. I agree with Source One that the publication alleged is privileged. Therefore, I dismiss Van Buren's claim for defamation because there is no allegation of any other publication to support his claim for defamation.

**Plaintiffs' Motion to Strike Counsel of Record for Plaintiffs from Defendant's Witness List**

Plaintiffs move to have their counsel, Kris Elliott, stricken from Defendants' witness list arguing that counsel is only on the witness list as a threat and to deny Plaintiffs their choice of counsel. Defendants disagree arguing that Elliott's role in putting Reimnitz in touch with certain contacts is central to their case. Generally lawyers are not to testify at proceedings where they

are also advocates. *See Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001). Elliott and Plaintiff Mark Reimnitz have known each other for years as they served in the Marine Corps together. At some point in 2004 or 2005, Reimnitz, who was working for Defendants at the time, contacted Elliott to ask Elliott if he knew anyone in charge at a certain Marine headquarters. Elliott did have a contact at the headquarters. The two, Reimnitz and Elliott, communicated about the possible lead, but Elliott asserts the meeting never came to fruition. Defendants argue they are entitled to find out why Reimnitz told Elliott he wanted the contacts. Defendants attach emails in their possession between Elliott and Reimnitz wherein Reimnitz and Elliott are discussing the possibility of Elliott arranging a meeting with a lead. One can reasonably infer that Reimnitz sought the contacts from Elliott in an effort to fulfill his duties with Source One, mainly talk to prospective customers about Source One's products. The emails Defendants possess demonstrate who the contact was. It is unclear what other information Defendants could obtain from Elliott, and not elsewhere, that is central to their case. Absent a more compelling showing, I agree with Plaintiffs that there is no need to include Elliott on Defendants' witness list. Therefore, I grant Plaintiffs' request.

Accordingly, it is

**ORDERED AND ADJUDGED** that

(1) Defendants' Motion to Dismiss (DE 41) is GRANTED IN PART, DENIED IN PART;

(2) Count V of Plaintiffs' Amended Complaint is hereby DISMISSED;

(3) Plaintiff's Motion for Leave to File Reply Memorandum to Respond to Defendant's Suggestion to the Court that Rule 11 Sanctions Should be Considered (DE 62) is GRANTED;

(4) Plaintiffs' Motion to Strike Counsel of Record for Plaintiffs from Defendants' Witness List (DE 45) is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida this 31st day of May, 2007.

*/s/ Donald M. Middlebrooks*

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record